IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JANICE MUHAMMAD, et al.,       )
                               )
                Plaintiffs,    )
                               )
vs.                            )       Case No. 04-0628-CV-W-ODS
                               )
JOHN E. POTTER,                )
Postmaster General             )
United States Postal Service,  )
                               )
                Defendant.     )


ORDER AND OPINION GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS SECOND
AMENDED COMPLAINT AND TO STRIKE CLASS ALLEGATIONS

        Pending is Defendant's Motion to Dismiss Second Amended Complaint and to

Strike Class Allegations (Doc. # 38). For the following reasons, Defendant's motion is

granted in part and denied in part.


## I. BACKGROUND


        Plaintiffs filed the above-captioned matter on July 16, 2004, against Defendant

John E. Potter, Postmaster General of the United States Postal Service. Plaintiffs filed

an Amended Complaint on July 27, 2004, alleging that they are "disabled or perceived

as disabled," and Defendant has maintained policies, practices or customs of disability

discrimination that (1) prevent employees who are disabled or perceived as disabled

from applying for, bidding on or assuming job positions other than those previously

assigned to them; (2) deny such employees promotional opportunities; and (3) deny

such employees pay advancement opportunities. On November 8, 2004, Defendant

filed a motion to dismiss Plaintiff's Amended Complaint. The Court denied Defendant's

motion to dismiss and granted Plaintiffs leave to file a new complaint.  On May 9, 2005, Plaintiffs filed a Second Amended Complaint.  Shortly thereafter, Defendant filed a Second Motion to Dismiss arguing that, pursuant to Rules 12(b)(1), 12(b)(6) and 23(d)(4) of the Federal Rules of Civil Procedure, (1) Plaintiff Muhammad lacks standing and no other Plaintiff has exhausted administrative remedies; (2) the Second Amended Complaint fails to properly allege disability; (3) the Second Amended Complaint does not resolve problems associated with the statute of limitations and non-bidding claims; and (4) the class allegations should be stricken.

## II.  STANDARDS

### A.  Rule 12(b)(1)

Dismissal for lack of subject matter jurisdiction is appropriate if the issue before the court is whether the plaintiff has failed to satisfy a threshold jurisdictional requirement.  Trimble v. Asarco, Inc., 232 F.3d 946, 955 n.9 (8th Cir. 2000).  In order to properly dismiss a case for lack of subject matter jurisdiction, the complaint must be successfully challenged on the factual truthfulness of its averments or on its face.  Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).  In a factual 12(b)(1) motion, the trial court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  Osborn v. U.S., 918 F.2d 724, 730 (8th Cir. 1990).

### B.  Rule 12(b)(6)

A motion to dismiss for failure to state a claim should be granted when it appears that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In ruling on a motion to dismiss, the Court is required to view the facts alleged in the complaint in the light most favorable to the Plaintiff.

2

## III. DISCUSSION

*A. Plaintiffs' Standing*

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant contends that Plaintiffs' Second Amended Complaint should be dismissed because (1) Plaintiff Janice Muhammad ("Muhammad") lacks standing since she previously signed a settlement agreement, and (2) no other Plaintiff has exhausted his or her administrative remedies, including the newly added Plaintiff, Yvonne Grant-Howlett ("Grant-Howlett").

### (1) Muhammad's Standing

Muhammad executed a settlement agreement with Defendant on September 30, 2003, for the withdrawal of her grievances against the United States Post Office extant at that time. Muhammad agreed she would not relitigate any employment claims prior to the date of the agreement in any forum. According to the Complaint of Discrimination to which the settlement relates, Plaintiff complained of four acts of discrimination that occurred in 2001. This case pertains to a discrimination complaint that was filed with Defendant in November 2003, and, as described *infra*, only encompasses acts of discrimination that occurred within the forty-five days preceding the submission of the charge of discrimination. As such, Plaintiff is not relitigating any of the claims for which she executed a settlement agreement in 2003 and, therefore, does not lack standing to present the claims in this matter.

### (2) Other Plaintiffs' Failure to Exhaust Administrative Remedies

Second, Defendant argues that the other Plaintiffs have failed to exhaust their administrative remedies. Only one plaintiff in a putative class action has to timely file an EEOC complaint so long as the individual claims of the filing and non-filing plaintiffs must arise out of similar discriminatory treatment in the same time frame. Thomure v. Phillips Furniture Co., 30 F.3d 1020, 1027 (8th Cir. 1994); see also Carter v. West Pub.

3

<u>Co.</u>, 225 F.3d 1258, 1263 (11th Cir. 2000); <u>EEOC v. Wilson Metal Casket Co.</u>, 24 F.3d 836, 839-40 (4th Cir. 1994). Because it is undisputed that Muhammad has exhausted her administrative remedies and the claims of the other Plaintiffs are similar in substance and time to hers, it does not matter that the other Plaintiffs, included the newly-added Plaintiff Grant-Howlett, have not exhausted their administrative remedies. For this reason, Defendant's Motion to Dismiss is denied with regard to the issue of standing.

*B. Allegations Regarding Disability*

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant contends that the Second Amended Complaint should be dismissed because it fails to properly allege disability. A complaint must set forth, among other things, a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To establish a claim under the Rehabilitation Act of 1973, the plaintiff must establish: (1) he or she is a qualified individual with a disability; (2) he or she was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) he or she was discriminated against on the basis of his disability. <u>M.P. ex rel. K. v. Indep. Sch. Dist. No. 721</u>, 326 F.3d 975, 981-82 (8th Cir. 2003) (citing <u>Timothy H. v. Cedar Rapids Cmty. Sch. Dist.</u>, 178 F.3d 968, 971 (8th Cir. 1999)). Here, Plaintiffs allege that they are individuals who are disabled within the meaning of the Rehabilitation Act in that they have a record of a physical or mental impairment that substantially limits one or more of their major life activities and/or they were regarded as having a disability by Defendant. As a result of being disabled or being perceived as disabled, Plaintiffs allege that Defendant treated them differently than similarly situated non-disabled employees. These allegations state a claim under the Rehabilitation Act for which Plaintiffs may be entitled to relief. Therefore, Defendant's Motion to Dismiss for failure to state a claim is denied.

*C. Statute of Limitations*

Defendant argues that the Court should dismiss those claims that arise more than forty-five days prior to Plaintiffs' contact with the Equal Employment Opportunity ("EEO") Counselor on or about November 12, 2003. Pursuant to 29 C.F.R. § 1614.105, Plaintiffs cannot recover for claims more than forty-five days before their initial EEO contact. Plaintiffs contend that they are asserting a continuing violation of the Rehabilitation Act and seek to recover back to January 1, 1999. However, Plaintiffs' claims concern discrete acts of discrimination (e.g., failure to award bids, denial of promotions and or denial of salary increases) pursuant to an allegedly discriminatory policy or practice. The Supreme Court has limited the continuing violation doctrine and has held that discrete acts such as those alleged by the plaintiffs in this case are not actionable if time barred *even if* they are related to the timely filed charges. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 106-07 (2002); see also Tademe v. Saint Cloud State Univ., 328 F.3d 982, 987-89 (8th Cir. 2003). Simply put, each discrete act starts a new time line for filing a discriminatory charge. Thus, Plaintiffs' claims of alleged discrimination that occurred more than forty-five days before the initial EEO contact are time barred, and Defendant's Motion to Dismiss is granted with regard to these claims.

*D. Non-Bidding Claims*

Defendant argues that Plaintiffs' claims regarding promotions and pay advancement should be dismissed because Plaintiffs only exhausted their administrative remedies with regard to the bidding claims. The Eighth Circuit has found that administrative complaints are to be construed liberally and a plaintiff "may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Stuart v. General Motors Corp., 217 F.3d 621, 631 (8th Cir. 2000) (quoting Nichols v. Am. Nat'l Ins. Co., 154 F.3d 875, 886-87 (8th Cir. 1998)). "The breadth of the civil suit is, therefore, as broad as the

5

scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." Id. (citations omitted). Here, Plaintiffs' allegations of failure to promote and lack of pay advancement grow out of and are reasonably related to the alleged disparate treatment in the bidding process. For this reason, Defendant's Motion to Dismiss the non-bidding claims is denied.

E. *Class Allegations*

Finally, Defendant contends that the class allegations should be stricken pursuant to Rule 23(d)(4) of the Federal Rules of Civil Procedure. As the parties are currently in the process of conducting discovery on the issue of class certification, this argument is premature and is denied without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint is granted with regard to Plaintiffs' claims that occurred before the forty-five day period preceding Plaintiffs' EEO contact and denied in all other respects.

IT IS SO ORDERED.

DATE: August 16, 2005            /s/___Ortrie D. Smith_____
                                ORTRIE D. SMITH, JUDGE
                                UNITED STATES DISTRICT COURT